8/28/2018 3:05 PM
Chris Daniel - District Clerk Harris County
Envelope No. 27109142
By: Nelson Cuero
Filed: 8/28/2018 3:05 PM

2018-58311 / Court: 281

NO.

| | |
|---|---|
| OLGA LYDIA MIRELES | IN THE DISTRICT COURT |
| V. | HARRIS COUNTY, TEXAS |
| CENTERPOINT ENERGY, INC | \_\_\_\_th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

OLGA LYDIA MIRELES, plaintiff, complains of CENTERPOINT ENERGY, INC., defendant, and respectfully shows:

1. Discovery is intended to be conducted under Level 2 of Rule 190.1, Texas Rules of Civil Procedure.

2. Plaintiff is a resident of Pasadena, Texas. Plaintiff was a long time employee of defendant and performed her duties capably and effectively. Despite her capable and effective job performance defendant improperly and unlawfully retaliated against plaintiff. Defendant is a corporation authorized to do business and doing business in the State of Texas. It may be served with citation by serving its registered agent. At all times relevant hereto, defendant had in excess of twenty employees and was plaintiff's employer. Plaintiff and defendant entered into verbal and written agreements concerning her employment with defendant, which were entered into in the State of Texas.

3. Venue is proper in Harris County, Texas, because defendant does business in and has a principal place of business in Harris County, Texas. Actions by defendant of which plaintiff complains occurred in Harris County, Texas. Plaintiff and defendant made an oral contract in which plaintiff agreed to work for defendant's business. Plaintiff is an employee and defendant

**EXHIBIT 1**

is an employer as those terms are defined in Title VII of the Civil Rights Act of 1964 and in 42 U.S.C. Sec. 1981.

4. Plaintiff has asserted claims against defendant under Title VII of the Civil Rights Act of 1964 and earlier filed a charge of discrimination asserting such claims with the Equal Employment Opportunity Commission. Following the assertion of such claims and in retaliation for asserting such claims, defendant retaliated against plaintiff for asserting such claims. Defendant's retaliation consisted, in part and without limitation, in treating plaintiff less favorably than persons outside her protected categories. Defendant's unlawful conduct has proximately caused plaintiff actual damages, including lost income and employment benefits, emotional pain, and suffering and other damages.

5. At all times relevant to this action plaintiff was experienced and accomplished in the employer's industry. Plaintiff had performed job duties in this industry capably and effectively over a period of many years.

6. Defendant has breached its obligations to plaintiff under Title VII of the Civil Rights Act of 1964 and 42 USC Sec. 1981.

7. Thereafter, and after plaintiff had detrimentally relied upon defendant's representations of specified payments and benefits, and after plaintiff had commenced and performed the duties of her employment, defendant rescinded and breached the employment contract it had made with her. Plaintiff specifically alleges that defendant is liable to her under the principles of fraudulent misrepresentation. Defendant persuaded and enticed plaintiff to commence employment with defendant performing services for defendant by uttering to her false and misleading statements of fact concerning the job offered to her. Defendant specifically

**EXHIBIT 1**

misrepresented to plaintiff that the job she was offered would entail the payment of certain pay and benefits under Federal Civil Rights statutes.

8. The statements and actions by defendant described above constitute common law fraud or deceit in that, inter alia, defendant knowingly made false or misleading statements of fact concerning the characteristics and condition of the job which it induced plaintiff to accept. Specifically, defendant made false or misleading statements of fact concerning the nature of the job offered plaintiff, the terms and conditions of the job and the compensation for it.

9. Plaintiff has suffered actual damages as a result of the above described acts and omissions in an amount within the jurisdictional limits of the court. Her damages include all matters for which the producing cause was the above described acts and omissions by defendant.

10. The conduct of defendant as described in this petition was committed knowingly. That is, defendant was actually aware of the falsity, deception, and unfairness of the conduct about which plaintiff complains and defendant made such false representations intentionally or with recklessness. Accordingly, defendant is liable for punitive damages in an amount within the jurisdictional limits of the court.

11. Defendant's conduct as described in this petition and the resulting damage and loss to plaintiff has necessitated her retaining the attorney whose name is subscribed to this petition. Plaintiff is entitled to recover from defendant an additional sum to compensate her for a reasonable fee for such attorney's services in the preparation and prosecution of this action as well as a reasonable fee for any and all appeals to other courts.

Wherefore, plaintiff prays that on final hearing she have judgment against defendant for:

1.      Her actual damages in an amount within the jurisdictional limits of the court;

2.      Punitive damages;

# EXHIBIT 1

3. Prejudgment interest at the highest legal rate on the total amount due from date due until date of judgment;

4. Her reasonable attorney's fees;

5. All costs of court;

6. Post judgment interest at the maximum rate permitted by law on the total amount of judgment until paid;

7. Such other and further relief, special or general, to which she may be entitled.

Plaintiff demands a trial by jury.

Respectfully submitted,

*[signature]*

WOODROW EPPERSON
336 Rim Rock Road
Kerrville, Texas 78028
(713) 973-6303
FAX (830) 895-3882
State Bar No. 06637000

Attorney for Plaintiff
OLGA LYDIA MIRELES

**EXHIBIT 1**

8/28/2018 3:05:55 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 27109142
By: CUERO, NELSON
Filed: 8/28/2018 3:05:55 PM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* **2018-58311 / Court: 281**   COURT *(FOR CLERK USE ONLY):*

STYLED _____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: Woodrow Epperson
Email: jepper1068@aol.com
Address: 336 Rim Rock Road
Telephone: 713-973-6303
City/State/Zip: Kerrville, TX 78028
Fax: 830-890-5301
Signature: /s/ Woe Epperson
State Bar No.: 06637000

## Names of parties in case:

Plaintiff(s)/Petitioner(s): Olga Lydia Mireles

Defendant(s)/Respondent(s): Centerpoint Energy, Inc.

## Person or entity completing sheet is:
☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
- Debt/Contract
  - ☐ Consumer/DTPA
  - ☐ Debt/Contract
  - ☐ Fraud/Misrepresentation
  - ☐ Other Debt/Contract:
- Foreclosure
  - ☐ Home Equity—Expedited
  - ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
- Malpractice
  - ☐ Accounting
  - ☐ Legal
  - ☐ Medical
  - ☐ Other Professional Liability:
- ☐ Motor Vehicle Accident
- ☐ Premises
- Product Liability
  - ☐ Asbestos/Silica
  - ☐ Other Product Liability
     List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

**Employment**
- ☒ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void
- Divorce
  - ☐ With Children
  - ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health

Probate/Wills/Intestate Administration
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☒ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

Rev 2/13

# EXHIBIT 1

NO. 2018-58311

| | | |
|---|---|---|
| **OLGA LYDIA MIRELES,** | § § § | IN THE DISTRICT COURT |
| **Plaintiff,** | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| **CENTERPOINT ENERGY, INC.,** | § § § | |
| **Defendant.** | § § | 281st JUDICIAL DISTRICT |

## DEFENDANT CENTERPOINT ENERGY RESOURCES CORP.'S ORIGINAL ANSWER, AFFIRMATIVE AND OTHER DEFENSES AND SPECIAL EXCEPTIONS TO PLAINTIFF'S ORIGINAL PETITION

Defendant CenterPoint Energy Resources Corp.[1] hereby files its Original Answer and Special Exception to Plaintiff Olga Lydia Mireles's Original Petition.

## I.
## GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of the matters pleaded by Plaintiff and requests that the Court require Plaintiff to prove her charges and allegations by a preponderance of the evidence or clear and convincing evidence as required by the Constitution and the laws of the State of Texas.

## II.
## SPECIAL EXCEPTIONS

Special exceptions are appropriate "to compel clarification of pleadings when the pleadings are not clear or sufficiently specific." *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) (per curiam). As discussed in more detail below, Plaintiff's Original Petition is almost wholly lacking in legal or factual clarity for all of her claims, to the point where Defendant cannot effectively defend itself without Plaintiff's clarification. Accordingly, Plaintiff

---

[1] Although Plaintiff styled her case against "CenterPoint Energy, Inc.," that is not Defendant's correct legal name.

**EXHIBIT 1**

should be compelled to elaborate on her legal and factual contentions. Each of the claims Plaintiff appears to be advancing, which are all deficiently pleaded in the Petition, will be addressed in turn.

A.   **Claims pursuant to Title VII and 42 U.S.C. § 1981**

For Plaintiff's claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, it is almost impossible to ascertain what they are, let alone what underlying allegations Plaintiff is using to support them. Unless Plaintiff clarifies what kinds of claims she is advancing, Defendant will unacceptably be required to strategize against every possible kind of claim that could be raised under those statutes. Plaintiff's factual allegations regarding her corresponding claims are similarly lacking. For instance, although paragraph 4 of the Petition implies Plaintiff is alleging a retaliation claim under one or both statutes, no details are provided about what acts by Defendant were retaliatory, or could otherwise provide a basis for liability under either statute. All that is alleged is that Defendant somehow "treat[ed Plaintiff] less favorably than persons outside her protected categories." This vagueness, which fails to provide fair notice of Plaintiff's claims under those statutes, is not enough to satisfy pleading standards under Texas law. *See Paramount Pipe & Supply Co., Inc. v. Muhr*, 749 S.W.2d 491, 494 (Tex. 1988) (noting that Texas law requires a petition to provide the opposing party "with sufficient information [about advanced claims] to enable him to prepare a defense").

B.   **Fraudulent misrepresentation claims**

Paragraph 7 of the Petition, which appears to be laying out claims for fraudulent misrepresentation, does not contain any details at all to clarify what facts Plaintiff hopes to prove to establish each essential element for that claim. For instance, not only is there no information about what material statement was falsely made (aside from a vague allusion to the entitlement

to "certain pay and benefits under Federal Civil Rights statutes"), no allegations indicate Defendant knew that statement to be false or intended Plaintiff to rely on it, nor is there any hint about how the misrepresentation purportedly caused Plaintiff harm.

C.  **Common law fraud or deceit claims**

Paragraph 8 of the Petition, apparently advancing claims for common law fraud or deceit, largely repeats the flaws of the aforementioned fraudulent misrepresentation claim. Aside from a general reference to false or misleading statements of fact about Plaintiff's job, nothing in the Petition indicates what exactly she is contesting, or what she hopes to prove to prevail on that claim.

D.  **Requests for relief**

Common to all of the claims in the Petition is a failure to indicate what remedies are requested for each claim, as well as a general declaration of the maximum amount of damages sought under Texas Rule of Civil Procedure 47(c). The vague references to relief in Paragraphs 9 through 11 of the Petition, as well as the numbered list concluding the Petition, are not enough here. Because the Petition fails to adequately state the claims being pleaded, it is not clear whether Plaintiff's request for relief is actually awardable in this lawsuit.

As Defendant lacks fair notice of the substance of any of Plaintiff's claims in their current state, there is no way to for Defendant to effectively defend itself at this stage. Accordingly, Plaintiff should be compelled to clarify her claims and requests for relief in accordance with Texas law.

## III.
## AFFIRMATIVE AND OTHER DEFENSES

Without waiving the foregoing general denial or following special exceptions, and

3

**EXHIBIT 1**

pleading in the alternative where necessary, Defendant pleads the following affirmative and other defenses. Defendant reserves the right to plead additional affirmative defenses as necessary as this matter continues.

### First Defense

Plaintiff has failed, in whole or part, to state a claim upon which relief can be granted.

### Second Defense

Any actions taken with respect to Plaintiff were done for legitimate, non-retaliatory, and non-discriminatory business reasons.

### Third Defense

Plaintiff's alleged damages are limited by the specific limitations on damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code, and all other similar limitations.

### Fourth Defense

Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages, and Plaintiff cannot establish the requisite fraud, knowledge, or recklessness such that she is entitled to punitive or exemplary damages by clear and convincing evidence.

### Fifth Defense

With regard to her claims for common law fraud, deceit, and fraudulent inducement, Plaintiff has failed to state any claim for attorney's fees.

### Sixth Defense

With regard to her claims under Title VII of the Civil Rights Act of 1964, Plaintiff has failed to timely exhaust administrative remedies for her claims, whether in whole or in part.

### Seventh Defense

With regard to her claims under Title VII of the Civil Rights Act of 1964, Plaintiff has

4

**EXHIBIT 1**

failed to comply with the statute of limitations for her claims, whether in whole or in part.

### Eighth Defense

With regard to her claims under Title VII of the Civil Rights Act of 1964, Defendant exercised reasonable care to prevent and correct promptly any harassing behavior, and moreover, Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

### Ninth Defense

Without waiver of Plaintiff's burden to prove that the alleged adverse employment actions were motivated by an impermissible factor, Defendant affirmatively pleads that the employment actions taken with respect to Plaintiff would have been taken in the absence of the alleged impermissible motivating factor.

### Tenth Defense

Plaintiff cannot recover exemplary or punitive damages for any alleged discrimination because any such alleged discrimination would be contrary to Defendant's good faith efforts to comply with laws governing such conduct.

## IV.
## REQUESTS FOR DISCLOSURE

Under Rule 194, Defendant requests that Plaintiff disclose, within 30 days of the service of this request, the information or material described in Rule 194.2 (a) through (l).

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant CenterPoint Energy Resources Corp. prays that Plaintiff Olga Lydia Mireles take nothing herein, and that Defendant have judgment for its costs and for such other and further relief, at law or in equity, to which it may be

5

**EXHIBIT 1**

justly entitled. Furthermore, Defendant requests that this Court grant the above special exceptions and require Plaintiff to voluntarily withdraw her claims to cure her pleading defects, and if Plaintiff fails to do so, Defendant requests that this Court dismiss the claims with prejudice and award Defendant any relief to which it would be justly entitled.

Dated:  September 28, 2018

Respectfully submitted,

*/s/ Melissa J. Judd*
Melissa J. Judd (Attorney-in-Charge)
Texas State Bar No. 24032945
Adam R. Perkins
Texas State Bar No. 24073576
LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400
713.951.9212 (Fax)
mjudd@littler.com
aperkins@littler.com

ATTORNEYS FOR DEFENDANT CENTERPOINT ENERGY RESOURCES CORP.

**EXHIBIT 1**

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2018, I electronically submitted the foregoing document with the clerk of the 281st District Court of Harris County, Texas using an Electronic Filing System Provider (EFSP). Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following counsel as authorized by Texas Rule of Civil Procedure 21a:

Woodrow Epperson
LAW OFFICE OF WOODROW EPPERSON
336 Rim Rock Road
Kerrville, Texas 78028
Jepper1068@aol.com
ATTORNEY FOR PLAINTIFF

*/s/ Melissa J. Judd*
Melissa J. Judd

# EXHIBIT 1