**WOODROW EPPERSON**
**ATTORNEY AT LAW**
713-973-6303
336 Rim Rock Road
Kerrville, Texas 78028
jepper1068@aol.com
Licensed in Texas, Florida and
Pennsylvania

Houston Office:
12435 Old Oaks
Houston, Texas 77024

Hunt-Ingram Office:
520 Cade Loop
Ingram, Texas 78025

July 16, 2018

**Certified mail, return receipt requested**

**SETTLEMENT OFFER**
**ALL RIGHTS RESERVED**
**INADMISSIBLE UNDER**
**FEDERAL RULES OF EVIDENCE**

Center Point Energy, Inc.
C/o Katherine E. Flanagan
Littler Mendelson, PC
1301 McKinney St. Suite 1900
Houston, TX 77010

RE: Ms. Flanagan

    Ms. Lydia Mireles has retained me to represent her in all claims arising out of her employment with Center Point and the adverse employment action he has sustained. These claims include, without limitation, claims for damages for violation of federal and state antidiscrimination laws, including Title VII of the Civil Rights Act of 1964, and comparable provisions of the Texas Labor Code, on account of discrimination and retaliation against her as a member of protected categories. Ms. Mireles makes presentment of and demand for payment of all damages recoverable under the above legal theories.

    In accordance with the Federal Rules of Civil Procedure, please be reminded of your obligation to preserve and maintain in discoverable form, all electronic data related to the subject matter of this claim.

    My client prefers to resolve her claims amicably and without resort to litigation, and has instructed me to communicate the following:

    My usual and customary practice includes an offer to attempt to settle all claims assertable by my client in a lawsuit, by referral to a pre-litigation mediation before a mediator acceptable to both parties. My client has authorized me to make such an offer and this letter constitutes an offer to attempt to settle her claims by voluntary referral to mediation. I urge you to consider this opportunity to resolve all matters in dispute between the parties prior to the expenditure of substantial attorney's fees and management time.

In this connection your attention is invited to the following:

Local Rule 20(A)(1) of the Rules of The United States District Court for the Southern District of Texas and the Cost and Delay Reduction Plan under the Civil Justice Reform Act of 1990, promulgated on October 24, 1991, by the United States District Court for the Southern District of Texas, specifically require the following:

> "Before the initial conference in a case, counsel shall discuss the appropriateness of Alternative Dispute Resolution in the litigation with clients and with opposing counsel."

Local Rule 20(L) of the Rules of the United States District Court for the Southern District of Texas provides that the Federal Rule of Civil Procedure 16(f) sanctions apply to violations of this rule. Federal Rule of Civil Procedure 16(f) provides:

> "If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party ..., or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees...."

My client has instructed me to offer to refer her claims to mediation before any mediator designated on the List of Providers of Alternative Dispute Resolution maintained by the Clerk of the United States District Court for the Southern District of Texas.

Please let me know if you are in a position to agree to such a referral.

This settlement offer is made in anticipation of litigation. Should I not hear from you within 30 days, I will advise my client that there appears to be no alternative to litigation and I will proceed with legal action, including administrative action necessary to prosecute those claims.

Thank you for your cooperation.

Very truly yours,

Woodrow Epperson

WE/mlb
cc: client